| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:14-cr-00154-002-LJO |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE PETITION FOR RECALCULATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3585** |
| v. | |
| **JESUS BUCIO-MENDOZA,** | |
| Defendant. | (ECF No. 262) |

Defendant Jesus Bucio-Mendoza, a prisoner in federal custody, filed a "Petition for Recalculation of Sentence Pursuant to 18 U.S.C. § 3585." ECF No. 262. In the petition, he requests that the Court recalculate and adjust his sentence to give him credit for time that he does not believe is currently reflected in his Bureau of Prisons ("B.O.P.") release date. He contends that at his sentencing by this Court on January 30, 2017, he was given credit of 288 days and that the federal B.O.P. guidelines deduct 54 days per year, which over the course of his 96-month sentence is an additional 432 days. He contends that neither the 288 days' nor the 432 days' credit is reflected in his B.O.P. release date.

18 U.S.C. § 3585(b) provides in relevant part:

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b). The authority to calculate a federal sentence and to provide credit for time served has been delegated to the Attorney General through the B.O.P. *United States v. Wilson*, 503 U.S. 519, 320 (1992); *see also Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998) ("[T]he Attorney General, acting through the BOP, has the statutory authority under § 3585(b) to compute a federal prisoner's sentence."). "BOP, rather than the sentencing court, calculates the defendant's entitlement to sentencing credit under § 3585(b) in the first instance." *Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015) (citing *Wilson*, 503 U.S. at 335). "A defendant may then challenge BOP's calculation—in other words, the execution of the sentence—by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241." *Id.* (citing *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984))

Defendant's challenge is not to the legality of the sentence imposed, which would be properly brought under 28 U.S.C. § 2255, but is instead a challenge to the calculation of the sentence, which is properly brought under 28 U.S.C. § 2241. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir. 2000).

The Court notes that Defendant is housed at FCI Victorville Medium II, located in San Bernardino County in the United States District Court for the Central District of California. That is the custodial court, and any habeas petition brought pursuant to 18 U.S.C. § 2241 is subject to that court's jurisdiction.

Because this Court is without jurisdiction to entertain Defendant's challenge to the execution of his sentence, Defendant's motion is **DENIED**.

IT IS SO ORDERED.

    Dated:   **April 16, 2018**              /s/ Lawrence J. O'Neill
                                                        UNITED STATES CHIEF DISTRICT JUDGE